Page 1

161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007.   See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.  (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
Luis Alejandro GARZA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
No. 04-41672.

Decided Dec. 20, 2005.

**Background:** Federal prisoner brought action under the Federal Tort Claims Act (FTCA) for injuries sustained during a clash between rival gangs in a penitentiary recreation yard. The United States District Court for the Southern District of Texas, dismissed action for lack of subject matter jurisdiction, and prisoner appealed.

**Holdings:** The Court of Appeals, Reavley, Circuit Judge, held that:
(1) neither Bureau of Prisons' statutory mandate to protect prisoners nor the Eighth Amendment's prohibition against cruel and unusual punishment rendered discretionary function exception to FTCA inapplicable to prisoner's claim;
(2) guard's failure to adhere to prison post order instruction to patrol the recreation yard was not protected by FTCA's discretionary function exception; and
(3) post anti-congregating instruction fell within the discretionary function exception.

Reversed and remanded.

West Headnotes

**[1] United States 393 ⚷78(12)**

393 United States
   393V Liabilities
      393k78 Torts
         393k78(12) k. Execution of Statutes or Regulations; Discretionary Acts or Functions. Most Cited Cases
Neither Bureau of Prisons' statutory mandate to protect prisoners nor the Eighth Amendment's prohibition against cruel and unusual punishment defined non-discretionary course of action specific enough to render discretionary function exception to the Federal Tort Claims Act (FTCA) inapplicable to federal prisoner's claim for injuries sustained during a clash between rival gangs in a penitentiary recreation yard; Bureau of Prisons retained sufficient discretion in the means it could use to fulfill any duties imposed under these federal laws. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. § 4042; 28 U.S.C.A. § 2680(a).

**[2] United States 393 ⚷78(12)**

393 United States
   393V Liabilities
      393k78 Torts
         393k78(12) k. Execution of Statutes or Regulations; Discretionary Acts or Functions. Most Cited Cases
Prison post order instruction to patrol the recreation yard prescribed a set course of action for the post guard on duty to follow to maintain order and safety during her shift and, thus, guard's failure to adhere to this provision was not protected by the discretionary function exception to the Federal Tort Claims Act (FTCA) with regard to federal prisoner's claim for injuries sustained during a clash between rival gangs in a penitentiary recreation yard; admonition to use good judgment and initiative in following post orders enlarged guard's responsibility to do more than just check off the list

Case 4:07-cv-00123-Y   Document 101-1   Filed 05/19/10   Page 2 of 5   PageID 2100

Page 2

161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.)))**

when more was required to achieve the penitentiary's overall objectives of safety and order. 28 U.S.C.A. § 2680(a).

**[3] United States 393 ⇨78(12)**

393 United States
    393V Liabilities
        393k78 Torts
            393k78(12) k. Execution of Statutes or Regulations; Discretionary Acts or Functions. Most Cited Cases

Prison post order instruction that inmates should not be allowed to gather in large groups involved balancing of public and prisoner safety with the need to permit prisoner interaction and socialization in the furtherance of fair treatment and rehabilitation, which were competing policy considerations that the discretionary function exception to the Federal Tort Claims Act (FTCA) protected from judicial scrutiny in federal prisoner's claim for injuries sustained during a clash between rival gangs in a penitentiary recreation yard. 28 U.S.C.A. § 2680(a).

**[4] United States 393 ⇨78(12)**

393 United States
    393V Liabilities
        393k78 Torts
            393k78(12) k. Execution of Statutes or Regulations; Discretionary Acts or Functions. Most Cited Cases

Finding on whether prison guard patrolled penitentiary recreation yard was not necessary to make jurisdictional determination as to the discretionary function exception to the Federal Tort Claims Act (FTCA), for purposes of Government's motion to dismiss for lack of subject matter jurisdiction federal prisoner's action for injuries sustained during a clash between rival gangs in yard. 28 U.S.C.A. § 2680(a); Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

**\*342** Barry Robert Benton, Brownsville, TX, for Plaintiff-Appellant.

Nancy Lynn Masso, U.S. Attorney's Office Southern District of Texas, Brownsville, TX, for Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Texas, USDC No. 102-CV-00154.

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

**\*343** REAVLEY, Circuit Judge: FN*

> FN* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**\*\*1** [1][2] Federal prisoner Luis Alejandro Garza appeals the district court's dismissal of his action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") for injuries sustained during a clash between rival gangs in a penitentiary recreation yard. Garza alleged that the assault on him resulted from the guard's failure to patrol the yard and disperse congregated inmates during the open recreation period as required by her post orders. The district court dismissed for lack of subject matter jurisdiction, holding that the discretionary function exception to the FTCA, found in 28 U.S.C. § 2680(a), shielded the Government from liability. Reviewing the record de novo,FN1 we reverse and remand, for the following reasons:

> FN1. *Buchanan v. United States,* 915 F.2d 969, 970 (5th Cir.1990).

1. The Supreme Court has set forth a two-part test to determine whether the discretionary function exception applies, thereby barring the claim. *See Berkovitz v. United States,* 486 U.S. 531, 536-37, 108 S.Ct. 1954, 1958-59, 100 L.Ed.2d 531 (1988). For the exception to apply, the first prong requires that the challenged governmental

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.)))**

action be the product of "judgment or choice." *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991). Under this prong, we determine whether a statute, regulation, or policy mandates a specific course of action. *Id.* If such a mandate exists, the discretionary function exception does not apply and the claim may move forward. When no mandate exists, however, the governmental action is considered discretionary and the first prong is satisfied.

The second prong requires that the judgment or choice be based on "considerations of public policy." *Id.* at 323, 111 S.Ct. at 1274 (quoting *Berkovitz,* 486 U.S. at 537, 108 S.Ct. at 1959). Under this prong, we determine whether the judgment is "grounded in social, economic, or political policy." *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1273 (quoting *United States v. Varig Airlines,* 467 U.S. 797, 813, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660). If the judgment of the governmental official is based on any of these policy considerations, then the discretionary function exemption applies and the claim is barred.

2. There are two sets of governmental conduct challenged in this case. Garza generally alleges that the Government was obligated to keep him safe and free from harm while he remained incarcerated pursuant to 18 U.S.C. § 4042 and the Eighth Amendment to the United States Constitution and that the Government breached this duty by failing to protect him from assault. We join our sister circuits in recognizing that neither section 4042's mandate to protect prisoners nor the Eighth Amendment's prohibition against cruel and unusual punishment define a non-discretionary course of action specific enough to render the discretionary function exception inapplicable. *See Montez v. United States,* 359 F.3d 392, 396 (6th Cir.2004); *Cohen v. United States,* 151 F.3d 1338, 1342-43 (11th Cir.1998); *\*344 Calderon v. United States,* 123 F.3d 947, 950 (7th Cir.1997). Thus, because the Bureau of Prisons retains sufficient discretion in the means it may use to fulfill any duties imposed under these federal laws, the exception is triggered and this claim was properly dismissed.

**\*\*2** 3. Garza levels more specific claims against the conduct of the guard on duty, Deborah Romero, alleging that her failure to follow the Post Orders pertaining to patrolling, supervising, and prohibiting large groups of inmates to gather was a proximate cause of his injuries. The question, therefore, is whether the Post Orders specifically prescribe a course of action that Romero was bound to follow.

Two instructions contained in the Post Orders are specifically at issue here:

> During closed movement, you will patrol the recreation yard. You will monitor and inspect all security devices and be alert for any physical security concerns or weakness. Report all discrepancies and signs of abnormal inmate activities immediately to the operations lieutenant and/or the special investigation supervisor.

> \* \* \*

[3][4] As the Recreation Patrol Officer you are responsible for the supervision of inmates on the compound. Inmates should not be allowed to gather in large groups.

The Post Orders also include the following language at the end of the detailed morning and evening shift instructions:

> NOTE: These post orders are issued as a guideline for the officers assigned to this post, and are not intended to describe in detail all of the officers [sic] responsibilities. Good judgement [sic] and initiative are expected in all situations.

4. With respect to the Post Order instruction to patrol the recreation yard, we find that the in-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:07-cv-00123-Y    Document 101-1    Filed 05/19/10    Page 4 of 5    PageID 2102

Page 4

161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.)))

struction prescribes a set course of action for the post guard on duty to follow to maintain order and safety during her shift. The instruction is straightforward and unambiguous. During the closed movement period (when inmates are restricted from moving about the institution), the post guard "will patrol the recreational yard." The only period the guard may refrain from this action is during the brief open movement period (when inmates are allowed movement about the institution, including entering and leaving the recreation yard), during which other duties are prescribed. Romero had no discretion to avoid patrolling the recreation yard during closed movement. To do so would violate a specific directive of the penitentiary. Thus, the failure to adhere to this provision is not protected by the discretionary function exception.

This conclusion is not in conflict with our holding in *Buchanan v. United States,* 915 F.2d 969 (5th Cir.1990). In *Buchanan,* we held that the discretionary function exception shielded prison officials' minute-to-minute decision making during a riot because such a situation clearly called for discretionary action that should not later be second-guessed by the courts. *Id.* at 972. We did not believe that Congress meant for judges, through hindsight, to second-guess the difficult decisions made by prison staff in the chaotic circumstances of a prisoner uprising. *Id.* In this case, Garza's complaints do not rise from spontaneous**345** decisions made during the emergent circumstances of the gang assault but from Romero's pre-assault deviation from a policy-making decision that had already been made and set forth in the Post Orders. That policy-making decision established a non-discretionary duty to patrol and supervise the rec yard.

**\*\*3** 5. We do not find that the "Note" appended to the Post Orders infuses the "will patrol" instruction with the element of discretion necessary to invoke the discretionary function exception.

The Post Orders are quite specific, providing an hour-by-hour and, in some cases, minute-by-minute "to do" list covering the post guard's shift. There are numerous specific and unambiguous directives in addition to the "will patrol" instruction. We interpret the Note's admonition to use good judgment and initiative in following the Post Orders as enlarging the guards' responsibility to do more than just check off the list when more may be required to achieve the penitentiary's overall objectives of safety and order. When the Government sets forth extraordinarily detailed instructions (which it presumably expects employees to follow to the letter) that would otherwise clearly fall outside of the discretionary function exception, it should not be allowed to sweep these directives back under the shield by inserting a general "disclaimer." Permitting this kind of immunization clearly sidesteps the remedial objective of the FTCA by allowing the exception to swallow the rule.

6. With respect to the Post Order instruction that inmates "should not be allowed to gather in large groups," we find that the permissive wording and lack of specific directive as to what constitutes a large group permits discretionary choice sufficient to satisfy the first prong of the *Berkovitz-Gaubert* test. While Garza claims that the guards normally broke up groups of five or more inmates, this alleged "custom" does not negate the guard's prerogative to decide whether fewer or more inmates may constitute a "large group" in a given circumstance.

While the anti-congregating instruction permitted the post guard discretion, this directive must still satisfy the second prong inquiry to be afforded protection under the discretionary function exception. We conclude that it does. The intent of the second-prong is clear: to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort when courts would otherwise defer to such

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:07-cv-00123-Y   Document 101-1   Filed 05/19/10   Page 5 of 5   PageID 2103

Page 5
161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.)))

policy-making. *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1273. The case-by-case decision to permit inmates to congregate or not depends on the balance of public and prisoner safety with the need to permit prisoner interaction and socialization in the furtherance of fair treatment and rehabilitation. We are satisfied that this discretionary decision-making involves the weighing of competing policy considerations that the discretionary function exception protects from judicial scrutiny. *Baldassaro v. United States,* 64 F.3d 206, 211 (5th Cir.1995).

We note that our conclusion as to the anti-congregating directive does not relieve the Government of all potential responsibility with respect to permitting a large group of inmates to get out of control. To the extent that Garza is able to prove his allegations that Romero failed to patrol the yard as required, *346 her failure to even notice the group, rather than her alleged failure to properly assess its size and potential danger, is the issue. That failure, along with the failure to immediately report any "abnormal inmate activities," is actionable under the "will patrol" directive, which we have concluded falls outside of the discretionary function exception.

**4 7. Garza also asserts that the district court improperly found that Romero had not failed to patrol the recreational yard as required. We agree. The district court granted the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) but denied the Government's alternative Rule 12(b)(6) and summary judgment motions. The only issue raised in the three alternative motions was whether the discretionary function exception applied.

While the court was not limited to the complaints in making a 12(b)(1) jurisdictional determination as to the discretionary function exception and was free to review factual evidence, FN2 a finding on whether or not Romero patrolled the yard was not necessary to make this determination. The Government did not make a proper Rule 56 motion and the attempted summary judgment motion it did make was denied. Garza has not yet proved his factual allegations, but he is not required to do so on a motion to dismiss. To the extent that the district court's analysis of the evidence constitutes a factual finding on whether or not Romero patrolled the yard, it was improper at this stage.

> FN2. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.,* 957 F.2d 178, 180-81 (5th Cir.1992).

8. We agree with the district court's dismissal of Garza's claims that the Government breached the duty to keep him safe and free from harm while he remained incarcerated pursuant to 18 U.S.C. § 4042 and the Eighth Amendment to the United States Constitution by failing to protect him from assault. We also agree with the district court's determination that the anti-congregating directive falls within the discretionary function exception and therefore affirm the dismissal of any claim based solely on the failure to properly assess and break up the inmate group. Because the "will patrol" instruction prescribes a set course of action for the post guard, the discretionary function exception does not bar a cause of action based on Garza's allegation that Romero failed to patrol the recreational yard and that such failure was a proximate cause of his injuries. Accordingly, we reverse the district court's dismissal and remand to the district court for full factual determination on the merits.

REVERSED AND REMANDED.

C.A.5 (Tex.),2005.
Garza v. U.S.
161 Fed.Appx. 341, 2005 WL 3478009 (C.A.5 (Tex.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.