| CASE | DAMAGES | NOTES |
| --- | --- | --- |
| *Guzman v. Guajardo*, 761 S.W.2d 506 (Tex. App. – Corpus Christi 1988, writ denied) | $600,000 | damages were for "at least 15 minutes of conscious pain and suffering endured by young boy who was hit by a truck while crossing the street. Boy was "awake" and "moving" after accident; mother heard him screaming in pain in the hospital emergency room |
| *General Motors v. Iracheta*, 90 S.W.3d 725 (Tex. App. – San Antonio 2002) rev'd on other grounds, 161 S.W.3d 462 (2005) | $10,004,050<br><br>Reversed and rendered on other grounds | Mother, with two minor sons, drove her GM Toronado into the path of a semi truck. Truck's fuel tank ruptured; Toronado caught fire, then a secondary fire erupted due to allegedly defective design of Toronado's fuel system. Jury found that one son died instantly but that defect caused other son's (Edgar) death. Witness who ran to the car saw Edgar alive, but then the second fire broke out and witness saw blisters forming on Edgar. Another witness said that he heard Edgar screaming. Expert testified that Edgar suffered "a period of pain and suffering" before the fire and "a brief period of pain and suffering following" the fire. |
| *Living Centers of Texas v. Penalver*, 2010 WL 1708333 (Tex. App. – San Antonio April 28, 2010) | $300,000 | Penalver was dropped by nursing home staff while transferring her from a wheelchair to a bed. Her head hit a nightstand and her injuries included a lacerated earlobe, multiple contusions on the left side of her head and body, a subdural hematoma, and an intracerebral hemorrhage. She died at the hospital the next morning. Evidence showed that she was alert, responsive to pain, and in pain for "at least two hours and twenty minutes." |
| *Las Palmas Medical v. Rodriguez*, 279 S.W.3d 413 (Tex. App. – El Paso 2009, no writ h.) | $50,000 | Patient suffered approximately three hours. Evidence that she was moaning. Later she stopped breathing but her heart was still beating. She continued to have "agonal respirations" (gasping) for thirty minutes. Doctor testified that since she was trying to breathe, she was "probably" conscious. Defendant's Dr. stated that because her systolic (the high number) blood pressure was below 70, she was not getting enough blood flow to the brain to be aware of anything. |

| CASE | DAMAGES | NOTES |
|---|---|---|
| 2001 WL 83528 (Tex. App. – Houston [1st Dist.] 2001, no pet. h.) | $5,000,000 | 33 year old man voluntarily checked himself into psychiatric hospital. At 3:00 pm, he told the staff he wanted to leave. While they were getting his clothes, he "eloped" from the hospital. Six hours later, he committed suicide by self-inflicted gunshot. Dr. testified that: 1) Plaintiff was suicidal when he admitted himself to the Hospital; that the impetus for suicide is hopelessness and that a suicidal patient is very frightened, very scared, feels out of control and is afraid of his own impulses; 3) keeping a paranoid patient in a locked unit decreases these symptoms, but if the patient is suicidal and finds himself where he can act on his impulses, he becomes more anxious and frightened; 4) anxiety and pain increases at the same time as the ability to act out the urge increases; 5) when a frightened person has the ability to harm himself, he becomes more and more frightened; 6) if that person is paranoid, as Plaintiff was, he feels that other people will harm him; 7) this feeling makes him more terrified and increases his fear further. Because Plaintiff was suicidal and paranoid when he checked himself in, the jury could reasonably conclude that he suffered pain and suffering in the six-hour time frame. |
| *SunBridge Healthcare Corp. v. Penny*, 160 S.W.3d 230 (Tex. App. – Texarkana 2005, no pet.) | $1,000,000 | Nursing home patient rolled down a hill in her wheel chair, hit a curb, and fell on concrete on her face. Over the next four days she cried, moaned, was restless, attempted to pull out the IV, squeezed and held her son's hand. Records showed she did not respond to verbal stimuli and "only very little to painful stimuli." |
| *Gulf States Utilities Company v. Reed*, 659 S.W.2d 849 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd. n.r.e.) | $10,000 | 13 year old boy was electrocuted when he crawled under a metal building to retrieve a Frisbee. The building was electrified because a live wire owned by Gulf States Utilities was lying on it. The wire was attached to a Southwestern Bell utility pole, which had been damaged, causing the wire to sag onto the building. Pain and suffering awarded for the five seconds he was electrocuted |

| CASE | DAMAGES | NOTES |
|---|---|---|
| Southern Pacific Transp. Co. v. Luna, 730 S.W.2d 36 (Tex. App. – Corpus Christi 1987, no writ) | $50,000 | Four-year-old injured in a car/train accident. He survived for two weeks after the accident and was paralyzed during that period. Medical records showed he had no responsive respirations, no response to painful stimuli and no spontaneous movements. The hospital death summary said that the child did not progress or improve neurologically after the accident. Father's testimony was that the child was responsive to him at least to a degree during his last weeks. His testimony that the child responded by opening his eyes is certainly some evidence that the child was conscious. Although we cannot know what anguish Christopher was experiencing during this period, we believe the evidence is sufficient to support the jury's finding. |
| *Missouri Pacific R. Co. v. Lane*, 720 S.W.2d 830 (Tex. App. – Texarkana 1986, no writ) | $19,500 | Pickup truck stuck on railroad track; hit by train. Jury awarded pain and suffering based on terror he felt just prior to impact. Defendant argued that plaintiff was killed instantly, thus was not entitled to these damages. Judgment affirmed: "such an argument fails to consider the terror and consequent mental anguish Lane suffered for the six to eight seconds while he faced imminent death." |
| *Wellborn v. Sears*, 970 F.2d 1420 (5th Cir. 1992) | $1,000,000 | 14-year-old boy, riding his skateboard, was pinned under garage door by defective door opener. Expert testified that boy struggled "for a minimum of three to five minutes-possibly as long as several hours." Defendant argued that boy was not conscious after he fell off his skateboard. Judgment affirmed. Expert testified that boy was alive for three to five minutes; coroner recorded he was alive for approx 30 minutes; defense expert conceded it could have taken boy "several hours to die." |
| *Yowell v. Piper Aircraft*, 703 S.W.2d 630 (Tex. 1986) | $500,000 | Plaintiff and others were killed in a plane crash after plane broke up in mid-air at about 10,000 feet. Damages affirmed for mental anguish suffered from the time of the plane's break-up until it hit the ground (described somewhere as 10 seconds) |
| *HCRA of Texas, Inc. v. Johnston*, 178 S.W.3d 861 (Tex. App. – Fort Worth 2005, no pet. h.) | $75,000 | Nursing home resident spent 25 days suffering from decubitus ulcers. |